**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 12 2012

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-30829 |
| | ) | |
| Alicia L. Yashura, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING
### OBJECTION TO EXEMPTION

This case came before the court for hearing on the Chapter 7 Trustee's objection to Debtors' claim of exemption in certain funds owed to her by her ex-husband ("Objection") [Doc. # 41]. The court held a hearing on the Objection that Debtor, her attorney and the Chapter 7 Trustee ("Trustee") attended in person and at which the parties presented testimony in support of their respective positions.

The district court has jurisdiction over this Chapter 7 case pursuant to 28 U.S.C. § 1334(a) as a case under Title 11. It has been referred to this court by the district court under its general order of reference. 28 U.S.C. § 157(a); General Order 84-1 of the United States District Court for the Northern District of Ohio. A proceeding regarding exemptions from property of the estate is a core proceeding that the court may hear and determine. 28 U.S.C. § 157(b)(1) and (b)(2)(B). For the reasons stated below, the court will sustain the Objection.

## FACTUAL BACKGROUND

Debtor was formerly married to Mark Cassoni. Their marriage was dissolved by the Common Pleas Court of Lucas County, Ohio on December 3, 2010. The Final Decree of Dissolution incorporated by reference their Amended Separation Agreement ("Agreement"). [Doc. # 31].[1] The Agreement provides that neither party shall pay spousal support to the other. Section IV of the Agreement provides for a division of property, under which paragraph C addresses "Retirement Accounts." [*Id.,* Agreement, p. 5]. That paragraph provides in its entirety as follows:

> **Retirement Accounts.** The parties agree that each shall keep their own respective retirement accounts free and clear. To compensate for a differential in the retirement balances, the Husband agrees to pay $10,000 within 5 years of the date of the separation agreement. Failure to pay shall constitute contempt of court.

[*Id.*].

At the time of the divorce, Cassoni had an account under his employer's 401(k) plan, and Debtor had no retirement account at all. Debtor and Cassoni agree that on receiving the $10,000, Debtor may use it for any purpose. However, they both testified that, at the time they negotiated the Agreement, their intent was that Debtor would use the money to fund a retirement account for herself. A qualified domestic relations order ("QDRO"), however, was never prepared or entered. Cassoni testified that he had borrowed funds from his 401(k) plan account and that he had to repay that loan before he could make the $10,000 payment to Debtor. To date, Debtor has not received any of the $10,000 that is to be paid.

Debtor filed her Chapter 7 bankruptcy petition on February 24, 2011. On amended bankruptcy Schedule B - Personal Property, she lists her interest in "Retirement Money Owed From Ex-Husband Mark Cassoni by December 2012." [Doc. 39, p. 4].[2] On amended Schedule C, Debtor claims an exemption under Ohio Revised Code § 2329.66(A)(10)(c) in the amount of $10,000 in the money owed to her by Cassoni.

## LAW AND ANALYSIS

As authorized by 11 U.S.C. § 522(b)(2), the Ohio legislature opted out of the federal exemptions provided in § 522(d). *See* Ohio Rev. Code § 2329.662. As a result, debtors for whom the applicable

---

[1] Debtor and the Trustee jointly submitted a copy of Debtor's Final Decree of Dissolution and Amended Separation Agreement. [*See* Doc. # 31].

[2] The court takes judicial notice of the contents of its case docket and Debtors' schedules. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

exemption law under § 522(b)(3)(A) is Ohio law must claim exemptions under the relevant Ohio statutes and under applicable non-bankruptcy federal law. There is no dispute that Debtor has been domiciled in Ohio for more than the 730 days preceding the date of the filing of her petition such that Ohio exemption law applies in this case. *See* 11 U.S.C. § 522(b)(3)(A).

Under Bankruptcy Rule 4003(c), the party objecting to the exemption, in this case the Trustee, has the burden of establishing that the debtor is not entitled to the claimed exemption. *In re Andrews,* 301 B.R. 211, 213 (Bankr. N.D. Ohio 2003). The standard of proof is by a preponderance of the evidence. *In re Roselle*, 274 B.R. 486, 490 n.4 (Bankr. S.D. Ohio 2002). In making this determination, and in order to further the fresh-start policy of the Bankruptcy Code, exemption statutes are generally to be liberally construed in a debtor's favor. *In re Andrews*, 301 B.R. at 213. The rule that exemption statutes are to be construed liberally in favor of the debtor is also followed by the courts of Ohio. *See, e.g., Daugherty v. Central Trust Co.*, 28 Ohio St.3d 441 (1986); *Dennis v. Smith*, 125 Ohio St. 120 (1932); *Sears v. Hanks*, 14 Ohio St. 298, 301(1863).

Debtor claims an exemption under Ohio Revised Code § 2329.66(A)(10)(c) in the $10,000 payment to which she is entitled to receive from her ex-husband. Section 2329.66(A)(10)(c) provides that a person may exempt

> the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, "Roth IRA," or education individual retirement account that provides benefits by reason of illness, disability, death, or age, to the extent that the assets, payments, or benefits described in division (A)(10)(c) of this section are attributable to [specific contributions of the person.]

Ohio Rev. Code § 2329.66(A)(10)(c).

The Trustee objects to Debtor's claim of exemption, arguing that the $10,000 payment is not a "retirement account" and can be used by Debtor in any manner that she chooses. In addition, she argues that while a QDRO might have provided Debtor an interest in her ex-husband's retirement account, a QDRO was never prepared. Debtor counters that it was her intent to fund a retirement account when she receives the payment and that, regardless of how she spends the money, it is her "right" to the payment that is exempt under the statute.

To be entitled to an exemption under § 2329.66(A)(10)(c), the asset or payment to be exempted must be held in, or be a payment under, an account that qualifies as an "individual retirement account, individual retirement annuity, "Roth IRA," or education individual retirement account that provides benefits by reason

3

of illness, disability, death, or age. . . . ." Thus, the clear terms of the statute require the existence of an individual retirement account in order to be entitled to the exemption. Notwithstanding that Debtor intended sometime in the future to fund an individual retirement account with the $10,000 owed by her ex-husband, no such account existed at the commencement of the case, nor does one now exist. The anticipated payment is not an asset or payment as contemplated by § 2329.66(A)(10)(c).

The court also finds no merit in Debtor's argument that she is entitled to the claimed exemption because she has a right to assets held in, or a payment under, her ex-husband's retirement account. Section 2329.66(A)(10)(c) "specifically encompasses individual retirement accounts, including retirement annuities established by individuals." *In re Malsch*, 400 B.R 584, 589 (Bankr. N.D. Ohio 2008). By contrast, subparagraph (b) of § 2329.66(A)(10) addresses exemptions in pension benefits provided by private employers, such as benefits under a 401(k) plan.[3] *Id.* The retirement account of Debtor's ex-husband that is at issue in this case is a 401(k) plan account, not an individual retirement account. Thus, § 2329.66(A)(10)(c) is not applicable to any claimed right in his retirement account.

The court further notes that the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq, includes an anti-alienation provision that, with one narrow exception, precludes the assignment of a participant's interest in a covered plan. *See* 29 U.S.C. § 1056(d)(1) (providing that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated."). That narrow exception is set forth in § 1056(d)(3), which provides in relevant part:

> Paragraph (1) shall apply to the creation, assignment, or recognition of a right to any benefit payable with respect to a participant pursuant to a domestic relations order, except that paragraph (1) shall not apply if the order is determined to be a qualified domestic relations order. Each pension plan shall provide for the payment of benefits in accordance with the applicable requirements of any qualified domestic relations order.

29 U.S.C. § 1056(d)(3)(A). Thus, an interest in an ERISA qualified 401(k) plan can be assigned to a non-participant spouse only by entry of a QDRO. *See Boggs v. Boggs*, 520 U.S. 833, 846 (1997) (explaining that "QDRO's, unlike domestic relations orders in general, are exempt from both the pension plan anti-alienation provision, § 1056(d)(3)(A), and ERISA's general pre-emption clause, § 1144(b)(7)"); *Geiger v. Foley Hoag LLP Retirement Plan*, 521 F.3d 60, 62 (1st Cir. 2008) (stating that "benefits provided under an ERISA plan may not be assigned or alienated by a domestic relations order, unless the order is

---

[3] Other provisions of § 2329.66(A)(10) include subsection (a), which is limited to accounts created for the benefit of public employees, and subsection (d), which is limited to self-employed individuals maintaining Keogh or H.R. 10 accounts. *See In re Malsch*, 400 B.R at 589.

4

determined to be a QDRO (citation and internal quotation marks omitted)). In this case, because there is no dispute that a QDRO was never prepared or entered, Debtor did not obtain an interest in her ex-husband's 401(k) plan and cannot claim an exemption based upon such an interest.

## **CONCLUSION**

In light of the foregoing, the court will grant the Trustee's Objection to Exemption. A separate order conforming to this memorandum of decision will be entered by the court.